NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ACQIS, LLC,**
*Plaintiff-Appellant*

**v.**

**EMC CORPORATION,**
*Defendant-Appellee*

---

2021-1772

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:14-cv-13560-ADB, Judge Allison Dale Burroughs.

---

Decided:  May 18, 2022

---

JONATHAN WEINBERG, King & Spalding LLP, Washington, DC, argued for plaintiff-appellant.  Also represented by JAMES P. BROGAN, Denver, CO; THOMAS FRIEL, ANNE M. VOIGTS, Palo Alto, CA.

MARK ANDREW PERRY, Gibson, Dunn & Crutcher LLP, Washington, DC, argued for defendant-appellee. Also represented by BRIAN BUROKER, VLADIMIR J. SEMENDYA; NATHAN ROBERT CURTIS, Dallas, TX; KATHERINE QUINN DOMINGUEZ, BENJAMIN HERSHKOWITZ, JOSH KREVITT,

BRIAN ROSENTHAL, PAUL E. TORCHIA, New York, NY; JESSICA A. HUDAK, Irvine, CA; THOMAS A. BROWN, Dell Inc., Hopkington, MA.

---

Before LOURIE, MAYER, and CHEN, *Circuit Judges*.

PER CURIAM.

ACQIS, LLC appeals from the United States District Court for the District of Massachusetts's grant of summary judgment of noninfringement in favor of EMC Corporation. *ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2021 WL 1088207 (D. Mass. Feb. 19, 2021). We find no error in the district court's decision and, as such, we *affirm*.

We specifically adopt the district court's constructions of the terms "Peripheral Component Interconnect (PCI) bus transaction," "encoded . . . serial bit stream of Peripheral Component Interconnect (PCI) bus transaction," "communicating . . . PCI bus transaction," and related terms as they appear in the asserted claims of the eight patents at issue:  U.S. Patent Nos. 7,363,416; 7,818,487; 8,041,873; RE41,294;   RE42,814;   RE43,119;   RE43,171;   and RE44,468.[1]   *See ACQIS*, 2021 WL 1088207, at *2–6.

---

[1]   The asserted claims use slight variations on these terms. For example, claim 60 of the '416 patent requires "communicating encoded serialized Peripheral Component Interconnect (PCI) bus transaction data," "wherein the serial bit stream of PCI bus transaction comprises encoded PCI address and data bits"; claim 49 of the '487 patent requires "serial bit channels" that "transmit an encoded data of Peripheral Component Interconnect (PCI) bus transaction"; claim 29 of the '873 patent requires transmission of an "encoded Peripheral Component Interconnect (PCI) bus transaction as serial data"; and claim 44 of the '294 patent requires communicating "data on the serial channels

Because the district court's determination that the accused EMC products do not infringe the asserted claims flows directly from its claim constructions and because ACQIS's arguments on appeal are directed only to those constructions, we *affirm* the district court's grant of summary judgment.

**AFFIRMED**

---

comprising encoded bit stream of Peripheral Component Interconnect (PCI) bus transaction." We believe that the district court was correct in treating these related terms similarly.